IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JEROME A. SMALL | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| TAB BICKELL et al. | : | NO. 11-cv-6907 |

ORDER

AND NOW, this 6th day of April, 2012, upon consideration of Petitioner Jerome A.

Small's Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254 (Doc. No. 1) and

Respondents' Answer to said Petition (Doc. No. 4), as well as after careful and independent

review of Magistrate Judge Rapoport's Report and Recommendation (Doc. No. 8) and

Petitioner's objections thereto (Doc. No. 9), it is hereby ORDERED as follows:

1.    Petitioner's objections (Doc. No. 9) are OVERRULED.

2.    Magistrate Judge Rapoport's Report and Recommendation (Doc. No. 8) is
      APPROVED and ADOPTED in its entirety.

3.    Small's petition for a writ of habeas corpus (Doc. No. 1) is DENIED with
      prejudice and without an evidentiary hearing.

4.    There is no probable cause to issue a certificate of appealability.

5.    The Clerk of Court is directed to close this matter for statistical purposes.

In his Report and Recommendation, Judge Rapoport concluded that Small's habeas

petition is statutorily time-barred and that Small is not entitled to equitable tolling.  (See Doc.

No. 8).  Small objects, asserting that equitable tolling should apply to save his untimely petition.

(See Doc. No. 9).  This Court reviews *de novo* the portions of the Magistrate Judge's Report to

which specific objections have been filed.  28 U.S.C. § 636(b)(1)(C).  In doing so, we may accept, reject, or modify, in whole or in part, the Magistrate Judge's findings or recommendations.  Id.  Here, we accept Judge Rapoport's findings and recommendations in their entirety and overrule Petitioner's objections accordingly.

In particular, Judge Rapoport found that Small's first PCRA petition, timely filed on March 26, 2007, was pending until April 8, 2009, when the Pennsylvania Supreme Court dismissed Small's petition for allowance of appeal due to failure to perfect.  (Doc. No. 8, at 7). Therefore, pursuant to 28 U.S.C. § 2244(d)(2), the one-year limitations period was statutorily tolled until April 8, 2009.  (Id.).  As such, Small had until April of 2010 under the AEDPA statute of limitations to file his federal habeas petition.  (Id.).  Small did not file the instant petition until October 27, 2011, over a year-and-a-half after the expiration of the AEDPA filing deadline.  (Id.).[1]

Small argues that "[t]he Respondent actively misled [him] into beleaving [sic] [he] had a copy of the complet [sic] plea agreement," so the statute of limitations should be equitably tolled. (Doc. No. 9, at 7).  More concretely, Small complains that the government hid the fact that the prosecution *nolle prossed* many of the charges against his cooperating co-defendant as part of her plea bargain.  (Id. at 8).  Small believes this allegedly hidden fact constitutes Brady material with which he could have impeached his co-defendant's credibility.  (Id.).  Small states that these circumstances provide "an extraordinary reason for preventing [him] from asserting his rights."

---

[1]Small filed second and third PCRA petitions on June 29, 2009, and December 31, 2009. As Judge Rapoport correctly recognized, both of these petitions were untimely.  Therefore, the pendency of these subsequent PCRA petitions cannot be included in the § 2244(d)(2) tolling period.  Merritt v. Blaine, 326 F.3d 157, 166 (3d Cir.), cert. denied, 124 S. Ct. 317 (2003).

(Id.).  As explained below, Small's argument fails to persuade us for a number of reasons.

First, the Pennsylvania state courts have already rejected this very same argument, which Small advanced to explain his untimely filing of a second PCRA petition.  (See Doc. No. 4-2, Appendix T).  Small has not shown any error in the state courts' determination of the issue, and as a federal habeas court, it is not our place to second-guess the reasonable findings of the state courts.

Second, equitable tolling is appropriate only if Small shows, among other things, that he has been pursuing his rights diligently.  Sistrunk v. Rozum, No. 09–2495, 2012 WL 917580, at *6 (3d Cir. Mar. 20, 2012) (precedential).  Small has made no such showing.  As Judge Rapoport mentioned, Small filed his habeas petition *over a year-and-a-half late*.  Even assuming that the prosecution, at some point, failed to provide Small with a complete copy of his cooperating co-defendant's plea agreement; and even assuming that this constituted an "extraordinary circumstance" which prevented Small from timely filing his habeas petition, Small has not shown how the government's purported misconduct caused such a lengthy delay.  On this record, we cannot conclude that Small has diligently pursued his rights.

Finally, even assuming equitable tolling does apply (it does not), the tolling ceased once Small discovered, or should have discovered, the facts the prosecution supposedly hid from him.  See Credit Suisse Sec. (USA) LLC v. Simmonds, No. 10–1261, 2012 WL 986812, at *4 (Mar. 26, 2012) ("It is well established . . . that when a limitations period is tolled because of fraudulent concealment of facts, the tolling ceases when those facts are, or should have been, discovered. . . .").  Here, Small actually knew that the government *nolle prossed* some of the charges against his cooperating co-defendant by June 29, 2009 at the latest.  (See Doc. No. 4-2, Appendix T

(reflecting that the *nolle prossed* issue formed the basis for Small's second PCRA petition, which

he filed on June 29, 2009)).  As such, any equitable tolling would have ended by June 29, 2009,

giving Small until the end of June, 2010, to file his habeas petition.  As noted *supra*, Small did

not seek habeas relief until October of 2011, over a year later.

In conclusion, Small's habeas petition is statutorily-time barred even if we give Small

every benefit of the doubt.  Small's objections (Doc. No. 9) are OVERRULED, and Magistrate

Judge Rapoport's Report and Recommendation (Doc. No. 8) is APPROVED and ADOPTED in

its entirety.  Small's petition for a writ of habeas corpus (Doc. No. 1) is DENIED with prejudice

and without an evidentiary hearing.  There is no probable cause to issue a certificate of

appealability.  The Clerk of Court is directed to close this matter for statistical purposes.

BY THE COURT:

/s/ Legrome D. Davis

Legrome D. Davis, J.

4